## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

MARY K. CORNELIUS,

    Plaintiff,

v.

                                             Case No. 4:19-cv-00210

ELEVATE RECOVERIES, LLC,

    Defendant.

## COMPLAINT

NOW COMES, MARY CORNELIUS, through counsel, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, ELEVATE RECOVERIES, LLC, as follows:

## NATURE OF THE ACTION

1.      This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCPA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

5.      MARY CORNELIUS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Mesquite, Texas.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.      Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1)

9.      ELEVATE RECOVERIES, LLC ("Defendant") is a healthcare collections company.  The company is based in Sherman, Texas.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

13.     Defendant is a "third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(1).

## FACTUAL ALLEGATIONS

14.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 4277.

15.     At all times relevant, Plaintiff's number ending in 4277 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17.     In 2016, Plaintiff injured her fingers when the door of a game/vape shop located in Mesquite, Texas slammed shut, pinning Plaintiff's fingers between the door and the door frame.

18.     Plaintiff sought emergency medical treatment from City Hospital at White Rock as result.

19.     In consideration of services to be provided, Plaintiff agreed to be financially responsible to City Hospital at White Rock.

20.     This amount is a "debt" as defined by 15 U.S.C. § 1692a(5).

21.     This amount is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

22.     In May 2018, Plaintiff started to receive phone calls from Defendant in an attempt to collect this medical debt.

23.     Initially, Plaintiff informed Defendant that this debt should be paid by the game/vape shop; that they should contact them.  They did not.

24.     They did not and Plaintiff reluctantly agreed to payment arrangements with Defendant.

25.     Eventually, because of financial hardship, Plaintiff stopped making payments to Defendant.

26.     Thereafter, Plaintiff fell victim to Defendant relentless collection campaign as they sought to collect Plaintiff's remaining account balance.

27.     From May 2018 to December 2018, Plaintiff answered Defendant's phone calls on no less than three (3) occasions.

28.     Each time, Plaintiff heard clear pause prior to being connected to Defendant's representative.

29.     Each time, Plaintiff pled with Defendant to contact the game/vape shop for payment *or* to make suitable payment arrangements before demanding that they stop calling.

30.     During this last call - in late-December 2018 – Defendant threatened civil lawsuit or judicial proceedings and wage garnishment without full payment.

31.     In total, Plaintiff received no less than 50 unconsented-to phone calls from Defendant.

32.     To date, Defendant has not initiated a civil lawsuit or judicial proceedings against Plaintiff.

## DAMAGES

33.    Defendant's unlawful collection practices have severely disrupted Plaintiff's everyday life and overall well-being.

34.    Specifically, Defendant's unlawful collection practices have caused emotional distress as well as undeserved stress consistent with believing believed legal action was imminent.

35.    Defendant's relentless telephone harassment campaign have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

36.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d(5)

37.    Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

4

     (5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §§ 1692d(5).

38.     Defendant violated 15 U.S.C. § 1692d(5) by continuously calling Plaintiff despite Plaintiff's multiple requests that Defendant stop calling.

39.     Defendant's behavior of continuously calling Plaintiff was annoying, abusive, harassing and oppressive.

### Violation(s) of 15 U.S.C. § 1692e

40.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

     (4)     The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

     (5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. §§ 1692e(4) and e(5).

41.     Defendant violated 15 U.S.C. §§ 1692e(4) and e(5) by representing that Plaintiff's wages would be garnished and that legal action would be commenced without full payment.

42.     Upon information and belief, Defendant did not intend, or could not legally take such action at the time they made those threats.

43.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5), e(4) and e(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who

fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

     (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692d(5), e(4) and e(5);

B.     an award of any actual damages sustained by Plaintiff;

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

44.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45.     Defendant placed or caused to be placed no less than 50 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

6

46.     Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

47.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

48.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

49.     As a result of Defendant violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

50.     As a result of Defendant' *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.      a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B.      an order enjoining Defendant from placing any further calls to Plaintiff's cellular telephone number ending in 4277 in the future;

C.      an award of statutory damages of at least $500.00 for each and every violation;

D.      an award of treble damages of up to $1,500.00 for each and every violation; and

E.      an award of such other relief as this Court deems just and proper.

## COUNT III:
## Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

51.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann. § 392.302(4)

52.     Subsection 392.302(4) of the Texas Finance Code provides:

7

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4)   causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

53.   Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuously calling Plaintiff despite Plaintiff's multiple requests that Defendant stop calling.

54.   Defendant' behavior of continuously calling Plaintiff was abusive, harassing, and oppressive.

WHEREFORE, Plaintiff requests the following relief:

A.   a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.   an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.   an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.   an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.   an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 18, 2019                              Respectfully submitted,

                                                   **MARY K. CORNELIUS**

                                                   By: */s/ Joseph S. Davidson*

                                                   Joseph S. Davidson
                                                   Mohammed O. Badwan

**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com